# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| | : | NO. 08-541-03 |
| v. | : | |
| | : | CIVIL ACTION |
| DOMINGO MERCADO | : | NO. 11-778 |
| | : | |

DuBOIS, J.                                                                  June 15, 2012

**M E M O R A N D U M**

## I. INTRODUCTION

Domingo Mercado is serving a five-year sentence in federal custody for his conviction of possession of heroin with intent to distribute. On May 1, 2012, the Court granted Mercado's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody based on the conclusion that his trial attorney provided him with ineffective assistance of counsel. See United States v. Mercado, No. 08-541, 2012 WL 1536970 (E.D. Pa. May 1, 2012). Presently before the Court is the United States of America's Motion to Reconsider the Court's Order Granting Defendant's 2255 Petition.

For the reasons set forth below, the government's motion is granted in part and denied in part. The motion is granted only to the extent that the Court considers the merits of the government's argument. The motion is denied in all other respects.

## II. BACKGROUND

The background of this case is set forth in detail in United States v. Mercado, 610 F.3d 841 (3d Cir. 2010), and Mercado, 2012 WL 1536970, and will be repeated in this Memorandum only as necessary to explain the Court's ruling on the motion for reconsideration.

A federal grand jury returned an Indictment on September 10, 2008, charging Mercado and his co-defendants, Hiram Coira-Soto and Dinoel Rodriguez-Nunez, with possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); possession of heroin within 1,000 feet of a school with intent to distribute, in violation of 21 U.S.C. § 860(a); and aiding and abetting both offenses, in violation of 18 U.S.C. § 2. Rodriguez-Nunez pled guilty and testified against Mercado pursuant to a plea agreement with the government. Mercado was convicted at trial and sentenced to five years' imprisonment, the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B).

The primary evidence against Mercado was testimony that he was present during three meetings at which Rodriguez-Nunez and Coira-Soto discussed and partially executed the heroin transaction. The government's first witness, Drug Enforcement Administration Special Agent David Pedrini, recounted several statements that Rodriguez-Nunez made shortly after his arrest regarding Mercado's presence at the meetings. Mercado's trial counsel did not object to that testimony. Later in the trial, Rodriguez-Nunez also testified to Mercado's presence at the meetings.

Mercado filed a timely motion under § 2255, in which he set forth three claims of ineffective assistance of trial counsel. On May 1, 2012, the Court granted the motion with respect to one of those claims: a claim premised on trial counsel's failure to object to Agent Pedrini's testimony on hearsay grounds.[1] Mercado, 2012 WL 1536970, at *5. The Court concluded that the testimony was inadmissible hearsay and that there was no valid strategic

---

[1] The Court denied the § 2255 motion with respect to the other two claims, which were based on counsel's alleged failure to request a fingerprint analysis and to discuss the possibility of entering a guilty plea. Mercado, 2012 WL 1536970, at *10-11.

explanation for trial counsel's failure to object. Id. at *7-9. Moreover, the failure to object caused substantial prejudice to Mercado's defense. Id. at *9. The testimony that Rodriguez-Nunez saw Mercado with Coira-Soto four times on the day of their arrest was the key evidence in a very close case. Id. at *9-10. Absent Agent Pedrini's hearsay testimony, defense counsel "could have made powerful use of Rodriguez-Nunez's status [as] a convicted felon cooperating with the government pursuant to a plea agreement" to minimize the impact of Rodriguez-Nunez's testimony. Id. at *10. "Instead, however, [defense counsel] permitted Agent Pedrini's prior testimony to bolster Rodriguez-Nunez's credibility regarding Mercado's presence at one of the pre-transaction meetings and the meeting at which the heroin was transferred." Id. The Court thus concluded that there was a reasonable probability that trial counsel's failure to object altered the outcome of Mercado's trial. Id.

## III. DISCUSSION

The government contends that the Court must reverse its May 1, 2012, ruling because Agent Pedrini's testimony was admissible under Federal Rule of Evidence 801(d)(1)(C). Rule 801(d)(1)(C) provides that prior statements of identification are nonhearsay under certain circumstances. The government raised this argument for the first time in the instant motion; it was not mentioned earlier in the proceedings. Mercado argues that the government may not assert a new legal theory in a motion for reconsideration and that, in any event, the government is incorrect on the merits. For the reasons set forth below, the Court considers the government's new argument but does not alter its May 1, 2012, ruling.

### A. Legal Standard

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or

to present newly discovered evidence. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A prior decision may be altered or amended only if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in controlling law, (2) the availability of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995); see also Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); see also United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) ("Parties are not free to relitigate issues that the court has already decided."). "It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly." Glendon Energy, 836 F. Supp. at 1122.

The government has not cited an intervening change in controlling law, nor has it presented evidence that was not available when the Court issued its May 1, 2012, ruling. Those grounds for reconsideration are thus inapplicable to this case. The government argues solely that reconsideration is necessary to correct a clear error of law. As set forth below, the Court concludes that the government has failed to establish that ground for altering its judgment.

B.   Analysis

1.   **Proper Grounds for Reconsideration**

As a preliminary matter, substantial authority supports Mercado's argument that the Court

should not reach the merits of the government's claim. The purpose of a motion for reconsideration is not to permit parties to raise novel arguments that occur to them after they learn that their opponents have won. See, e.g., United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010) (explaining that motions for reconsideration "'are granted for compelling reasons, . . . not for addressing arguments that a party should have raised earlier'" and "'they do not empower litigants . . . to raise their arguments, piece by piece'" (quoting Solis v. Current Dev. Corp., 557 F.3d 772, 780 (7th Cir. 2009))); 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 2012) ("The Rule 59(e) motion [for reconsideration] may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment."). The government acknowledges this authority but argues that to deny its motion would be to reduce "the pursuit of justice . . . to mere gamesmanship, in which a defendant such as Mercado may escape criminal punishment because of the government's mistaken oversight of an indisputably applicable legal rule." (Reply Supp. U.S.'s Mot. Reconsider Ct.'s Order Granting Def.'s 2255 Pet. 2.)

Although the authority for Mercado's position is persuasive, the Court exercises its discretion to consider the issue the government has raised. However, as explained below, the government's argument fails on the merits.

### 2. Admissibility of Agent Pedrini's Testimony

The government's motion for reconsideration is premised on the contention that the testimony at issue was admissible under Federal Rule of Evidence 801(d)(1)(C). According to that provision, a statement is "not hearsay" if "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement" "identifies a person as someone the

declarant perceived earlier." Fed. R. Evid. 801(d)(1)(C). Rodriguez-Nunez testified at trial and was subject to cross-examination, and the government contends that all of the statements that Agent Pedrini recounted can be construed as statements of identification. Thus, according to the government, Agent Pedrini's testimony was not hearsay and was admissible.

The government's argument is rejected. As explained below, even if the government had argued at trial that Agent Pedrini's testimony was admissible as a prior identification under Rule 801(d)(1)(C), the Court would have excluded the evidence. First, the testimony was not within the scope of Rule 801(d)(1)(C). Second, even if it were, the Court would have excluded it under Federal Rule of Evidence 403.

a. Federal Rule of Evidence 801(d)(1)(C)

The government relies heavily on United States v. Lopez, 271 F.3d 472 (3d Cir. 2001). In that case, a witness told a police officer that he had seen three defendants near the scene of a series of home invasions the previous day. Id. at 484. The witness was subpoenaed to testify at trial, but when he took the stand, he denied having made such a statement. Id. The government then called the police officer to testify. Id. He testified that the witness had, indeed, "reported . . . that he had seen the defendants on the night of the crime in the vicinity of the crime scene." Id.

The Third Circuit affirmed the trial court's holding that the police officer's testimony was admissible under Rule 801(d)(1)(C). Id. at 485. The appeals court reiterated the rationale for the prior-identification exception: "[s]tatements of prior identifications are admitted as substantive evidence because of 'the generally unsatisfactory and inconclusive nature of courtroom identifications as compared with those made at an earlier time under less suggestive conditions.'"

Id. (quoting Fed. R. Evid. 801 advisory committee note). The government's argument in this case turns on the Third Circuit's holding that the application of Rule 801(d)(1)(C) is not limited to prototypical identifications that take place in lineups and photo spreads. Id. Rather, the rule can also extend to the "type of identification . . . that consists of a person coming forward after a crime is committed and saying he saw a particular person at a certain place and time."[2] Id.

In this case, however, Rodriguez-Nunez's statements to Agent Pedrini did more than "say[] [Rodriguez-Nunez] saw a particular person at a certain place and time." Lopez, 271 F.3d at 485. To the contrary, Agent Pedrini's testimony regarding Rodriguez-Nunez's post-arrest statements established that (1) Rodriguez-Nunez had 230 grams of heroin in his possession when he was arrested; (2) he had received the heroin from people in a black Ford Taurus; (3) the people in the black Ford Taurus had told him that after he obtained money to pay them, he should call them so they could come back and get the money; (4) Mercado and Coira-Soto were the people in the black Ford Taurus; (5) Mercado had been in the passenger seat of the black Ford Taurus when the heroin was delivered; (6) Rodriguez-Nunez had also met with Coira-Soto and Mercado at the intersection of Front and Lippincott Streets earlier in the day; and (7) Mercado was also in the passenger seat of the black Ford Taurus during that meeting.[3] See Mercado, 2012 WL 1536970, at *2-3.

---

[2] The Lopez court stated further that, "[i]n any event," the trial court's evidentiary ruling did not prejudice the defendants, as there was "overwhelming" evidence against them. 271 F.3d at 485. "Even if the statement was arguably inadmissible, its admission was harmless." Id.

[3] Mercado's position in the black Ford Taurus was a crucial issue at trial: agents conducting surveillance had watched Rodriguez-Nunez obtain the heroin from the passenger side of the vehicle, but they could not see the occupants of the vehicle. Mercado, 2012 WL 1536970, at *3.

Much of that testimony cannot reasonably be construed as an "identification." It included far more information than was necessary to "identify" Mercado as the person Rodriguez-Nunez saw and explain the context in which the identification occurred. See Lopez, 271 F.3d at 485. Rule 801(d)(1)(C) cannot provide a means to introduce extensive substantive evidence regarding the details of a crime. See United States v. Kaquatosh, 242 F. Supp. 2d 562, 566-67 (E.D. Wisc. 2003) (expressing concern that Lopez could be construed to "allow admission of any statement naming the defendant (which as a practical matter will be many if not most relevant statements in criminal cases)"); Kenneth S. Broun et al., McCormick on Evidence § 251 n.35 (6th ed. 2009) ("[Rule 801(d)(1)(C)] is not a proper way to introduce details of the crime."). That would far exceed the Rule's purpose, which is to counterbalance "the generally unsatisfactory and inconclusive nature of courtroom identifications as compared with those made at an earlier time under less suggestive conditions." Fed. R. Evid. 801(d)(1)(C) advisory committee note.

b. Federal Rule of Evidence 403

Second, even assuming the testimony were within the scope of Rule 801(d)(1)(C), the Court would have excluded it under Rule 403. See Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

Because Mercado's identity was not controverted at trial, the evidence had minimal legitimate probative value under Rule 801(d)(1)(C). Although the text of Rule 801(d)(1)(C) is not limited to situations in which the declarant who made the identification is unavailable or contradicts his prior identification at trial, the probative value of the third party's testimony

diminishes sharply where those conditions are not present. Indeed, in every case the government cites in its motion for reconsideration, the declarant either recanted his prior identification at trial or could not remember whom he had identified. See Lopez, 271 F.3d at 484-85 ("Certainly the purpose of [Rule 801(d)(1)(C)] seems to be fulfilled here, where [the declarant] abandoned his previous knowledge of the defendants at trial."); see also United States v. Blackman, 66 F.3d 1572, 1578 n.6 (11th Cir. 1995); United States v. Brink, 39 F.3d 419, 421 (3d Cir. 1994); United States v. O'Malley, 796 F.2d 891, 898 (7th Cir. 1986); United States v. Jarrad, 754 F.2d 1451, 1456 (9th Cir. 1985).

In this case, in contrast, Rodriguez-Nunez testified confidently that Mercado was one of the two men he saw at the scene of the crime. In cross-examining Rodriguez-Nunez, Mercado's trial counsel emphasized that Mercado did not speak or otherwise participate in the meetings but rather was merely present. Trial counsel also emphasized Rodriguez-Nunez's potential bias as a cooperating witness. However, he did not attack Rodriguez-Nunez's recollection or argue that Mercado was not, in fact, the person Rodriguez-Nunez saw on the day of their arrest. Agent Pedrini's testimony thus had little probative value with respect to Mercado's identity.

On the other hand, as this Court has already concluded, Agent Pedrini's recounting of Rodriguez-Nunez's post-arrest statements resulted in substantial unfair prejudice to Mercado. See Mercado, 2012 WL 1536970, at *9-10. Balancing this prejudice against the testimony's minimal legitimate probative value, the Court would have excluded the testimony under Rule 403 even if it had found it to be within the scope of Rule 801(d)(1)(C). See Kaquatosh, 242 F. Supp. 2d at 564 ("If the witness-declarant has not recanted or claimed memory loss, identification testimony from third parties could be cumulative, improperly bolster the declarant,

confuse the jury, and waste court time."); see also 5 Weinstein's Federal Evidence § 801.23[2] (2d ed. 2012).

IV.     **CONCLUSION**

The testimony at issue was outside the scope of Rule 801(d)(1)(C). Moreover, even if Rule 801(d)(1)(C) were applicable, the Court would have excluded the testimony under Rule 403. The Court thus reaffirms its conclusion that Mercado's trial attorney provided ineffective assistance of counsel, as detailed in the Court's Memorandum dated May 1, 2012.

For the foregoing reasons, the United States of America's Motion to Reconsider the Court's Order Granting Defendant's 2255 Petition is granted in part and denied in part. An appropriate Order follows.